UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

FEB 2 8 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHN FREDERICK MCCOY,

Plaintiff,

v.                                                          Civil Action No. 2:11cv494

EASTERN VIRGINIA MEDICAL SCHOOL,

Defendant.

## OPINION AND ORDER

This matter comes before the Court on a Motion to Dismiss. Doc. 7. Plaintiff John Frederick McCoy ("McCoy") alleges that Defendant Eastern Virginia Medical School ("EVMS") discriminated against him on the basis of his Attention Deficit Hyperactivity Disorder ("ADHD"), depression, and test anxiety.

On November 1, 2011, EVMS moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. The motion was fully briefed, and is now ripe for decision.

For the following reasons, EVMS's Motion to Dismiss (Doc. 7) is **DENIED** as to Counts I & II of the Complaint, and **GRANTED** as to the remainder of the Complaint.

## I. FACTUAL BACKGROUND

In a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's allegations as true. E.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999).

McCoy alleges that from the Fall of 2005 to September of 2010, he was a student at EVMS. During this time, McCoy suffered from ADHD. He later suffered from depression. McCoy alleges that EVMS failed to provide him with adequate accommodations for his disabilities, and ultimately dismissed him on the basis of those disabilities. McCoy further

1

alleges that EVMS inappropriately disclosed confidential student information regarding him to members of its faculty. McCoy alleges that in addition to being dismissed from EVMS, EVMS's actions caused him emotional distress and led to his depression and test anxiety.

## II. COMMON STANDARD OF LAW

In a motion to dismiss for failure to state a claim, courts will consider as true the properly pled allegations contained in the Complaint. E.g., Edwards, 178 F.3d at 243–44. Courts will also consider as true any exhibits attached to the Complaint. Fayetteville Investors v. Commercial Builders. Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). To the extent to which any such exhibits contradict the Complaint, the exhibits are controlling. Id.

To be properly pled, the Complaint must show that the wrongdoing alleged was not merely possible, but plausible. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Conclusory allegations "necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A mere "'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. ANALYSIS

McCoy's Complaint contains seven counts, each raising a different cause of action against EVMS. The Court will address each of these claims in turn.

### A. REHABILITATION ACT & AMERICANS WITH DISABILITIES ACT

McCoy first claims that EVMS's decision to dismiss him violated the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). "In general, a plaintiff seeking recovery for violation of either statute must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from

participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005) (citations omitted).

McCoy alleges each of these elements. Doc. 1 at paras. 113, 116, 125. EVMS responds that the facts alleged by McCoy (including those in his exhibits), if accepted as true, indicate that he was not "otherwise qualified" to continue attending EVMS.

"A plaintiff is 'qualified' if she is 'an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" Constantine, 411 F.3d at 498 (quoting 42 U.S.C. § 12131(2)).

According to EVMS, McCoy was not "otherwise qualified" because he failed to complete his degree in the required timeframe and because he failed the United States Medical Licensing Exam Step 1 and did not retake it in a timely manner. McCoy responds that he would have met these requirements had EVMS provided reasonable accommodations, including "regular medical visits, extra time on tests, reduced distraction test environments, reduced course load, and alternative examination schedules." Doc. 1 at para. 115. McCoy alleges that these accommodations would have enabled him to meet EVMS's requirements. Id. at para. 117. Such allegations "are sufficient to satisfy Rule 12(b)(6)." Constantine, 411 F.3d at 499.

Therefore, EVMS's Motion to Dismiss is **DENIED** as to Counts I & II of the Complaint.

## B. SUBSTANTIVE DUE PROCESS

McCoy next claims that his dismissal violated the Due Process Clause of the United States Constitution. "The protection of substantive due process is indeed narrow and covers only state action which is 'so arbitrary and irrational, so unjustified by any circumstance or

governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.'" Sylvia Dev. Corp. v. Calvert County, Md.,48 F.3d 810, 827 (4th Cir. 1995) (quoting Rucker v. Harford County, 946 F.2d 278, 281 (4th Cir. 1991)). In cases where the alleged deprivation involves a property interest, plaintiffs must "demonstrate (1) that they had property or a property interest; (2) that the state deprived them of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." Id. (quoting Love v. Pepersack, 47 F.3d 120, 122 (4th Cir. 1995)).

In this case, McCoy has not alleged the loss of a valid property interest. Some cases have assumed, without deciding, that there is a protected property interest in continuing education. Lewin v. Medical College of Hampton Roads, 910 F. Supp. 1161, 1164 (E.D. Va. 1996) (citations omitted); see, e.g., Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 222–23 (1985) (declining to decide whether such an interest exists because even assuming that it did exist, the plaintiff's dismissal was not arbitrary). However, those cases that have actually reached the issue have held that no such property interest exists. See Davis v. George Mason Univ., 395 F. Supp. 2d 331, 336 (E.D. Va. 2005) (citations omitted). But cf. Branum v. Clark, 927 F.2d 698 (2d Cir. 1991) (holding that such an interest was created by state law); Harris v. Blake, 798 F.2d 419, 422-23 (10th Cir. 1986) (same). Thus, a student does not have a protected property interest in continuing education.

Therefore, EVMS's Motion to Dismiss is **GRANTED** as to Count III of the Complaint. Because McCoy does not have an interest in his continuing education for purposes of the Due Process Clause, amendment to this claim would be futile. Accordingly, Count III of the Complaint is **DISMISSED WITH PREJUDICE.**

4

## C. FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT

McCoy claims that EVMS violated the Family Educational Rights and Privacy Act ("FERPA"), and that this violation is actionable either under FERPA itself or under Title 42, United States Code, Section 1983. The Supreme Court has explicitly precluded such actions. Gonzaga University v. Doe, 536 U.S. 273, 277 (2002). McCoy "acknowledg[es] the Gonzaga opinion, but request[s] the Court to reconsider the issue in light of public policy concerns" discussed in the dissent in Gonzaga. Doc. 9 at 10. McCoy's argument that the Supreme Court's decision in Gonzaga should be reconsidered is better addressed to that Court. This Court is without authority to reconsider a decision of the Supreme Court of the United States.

Therefore, EVMS's Motion to Dismiss must be **GRANTED** as to Count IV of the Complaint. Because the Supreme Court's decision in Gonzaga precludes any private cause of action based on FERPA, amendment to this claim would be futile. Accordingly, Count IV of the Complaint is **DISMISSED WITH PREJUDICE.**

## D. VIRGINIA RIGHTS OF PERSONS WITH DISABILITIES ACT

McCoy claims that EVMS violated the Virginia Rights of Persons with Disabilities Act ("VRPDA"). VRPDA states that "[a]n action . . . pursuant to this section . . . shall be forever barred unless [the] claimant or his agent, attorney or representative has commenced such action or has filed by registered mail a written statement of the nature of the claim with the potential defendant or defendants within 180 days of the occurrence of the alleged violation." Va. Code Ann. § 51.5-46 (2011). In this case, the alleged violation of VRPDA took place on and before September 1, 2010. Therefore, McCoy had until February 28, 2011 to either commence this action or "file[] by registered mail a written statement of the nature of the claim with" EVMS.

This action was commenced on September 1, 2011, well after the deadline under VRPDA. McCoy argues, however, that he filed the required notice in "the form of a notice of appeal and grievance letter addressed to Dr. Gerald Pepe in 2009."[1] This letter does not mention the VRPDA, as is required to constitute proper notice. Childress v. Clement, 5 F. Supp. 2d 384, 388 (E.D. Va. 1998) (holding that the notice was insufficient where it mentioned federal law but not VRPDA). Additionally, this letter predates McCoy's expulsion, and the decision complained of in the letter was overturned by Dean Pepe. Doc. 1 at paras. 68, 85. Therefore, this letter could not have provided notice of McCoy's current suit. Additionally, McCoy does not allege that his notice was filed by registered mail, as is required by the VRPDA.

Therefore, McCoy's VRPDA claims are procedurally barred and EVMS's Motion to Dismiss is **GRANTED** as to Count V of the Complaint. Because an amended complaint might allege proper notice, Count V of the Complaint is **DISMISSED WITH LEAVE TO AMEND** within fifteen (15) days from the date of this Order.

### E. BREACH OF CONTRACT

McCoy claims that EVMS breached two contracts with him. First, McCoy argues that EVMS breached its "Conditions of Acceptance" agreement by failing to abide by the non-discrimination policies contained in its Student Handbook. Second, McCoy argues that EVMS breached the provisions of its Student Access Form by "shar[ing] confidential information discussed at the SPC meetings . . . with other members of the EVMS faculty." Doc. 1 at para. 196. The Court will address each of these claims in turn.

---

[1] The content of the letter appears to address an appeal in 2007. Compare doc. 1-25 (appealing from a dismissal that followed McCoy's failing two courses, and requesting to retake only those two courses) and doc. 1 at paras. 61–66, 77 (discussing such an appeal that occurred in 2007) with doc. 1 at paras. 81–85 (discussing McCoy's 2009 appeal from a dismissal that followed his failure of the United States Medical Licensing Exam Step 1).

6

The Conditions of Acceptance form states that "[s]tudents in the 2005 Entering Class will be subject to the Policies and Procedures in the Student Handbook which are subject to change." Doc. 1-33 at para. 7. The Conditions of Acceptance oblige students to abide by the Handbook, but place no similar restrictions on the university. McCoy himself acknowledges that "EVMS demands that all students abide by the" Handbook, thereby "creat[ing] an obligation on all students to follow the terms of the Handbook." Doc. 9 at 12. However, because EVMS was under no contractual duty to abide by the Handbook, EVMS's alleged violation of the Handbook cannot support a claim for breach of contract.

McCoy also claims that his Student Access Form contractually bound EVMS to keep his SPC proceedings confidential. This form does not constitute a contract because it lacks consideration on McCoy's part.

This form contains several sections dealing with the student's academic record. Doc. 1-2. In the section entitled "Student Progress Committee Access," the form describes the Student Progress committee's procedures, particularly with respect to the student representatives on the committee, and finishes by saying: "**All proceedings are confidential.** This does not change by permitting or denying the student representatives access to your academic file." Id. (emphasis in original). The section concludes by prompting the student to grant or deny permission for the student representatives to participate in SPC hearings. Id.

It is clear that the Student Access Form lacks any consideration for EVMS's promise of confidentiality. "Consideration is, in effect, the price bargained for and paid for a promise." Brewer v. Bank of Danville, 120 S.E.2d 273, 279 (Va. 1961). The only act or promise provided by McCoy on this form is his decision whether to grant certain permissions and his promise to support EVMS's email policy. Doc. 1-2. At no point does the form indicate that EVMS's

7

8

promise of confidentiality was conditional on any of these actions. Indeed, the form explicitly states that McCoy's decision whether to grant the student representatives access to his academic file—the only decision that is plausibly related to EVMS's promise of confidentiality—would not affect EVMS's promise to keep SPC proceedings confidential. Id. The form makes it clear that EVMS's promise of confidentiality is not in exchange for any action on McCoy's part. Because McCoy gave no consideration for the promise of confidentiality in the Student Access Form, he cannot raise a breach of contract claim based on the alleged violation of that promise.

Therefore, EVMS's Motion to Dismiss is **GRANTED** as to Count VI of the Complaint. Because the documents cited by McCoy lack the required elements of a contract, amendment to this claim would be futile. Accordingly, Count VI of the Complaint is **DISMISSED WITH PREJUDICE.**

### F. NEGLIGENCE

Finally, McCoy claims that EVMS was negligent in violating "a statutorily created duty not to discriminate against McCoy on the basis of his disability." Doc. 1 at para. 205. EVMS replies that it possesses sovereign immunity from such tort claims.

EVMS is entitled to sovereign immunity from tort claims if it "perform[s] an essential governmental function." Elizabeth River Tunnel Dist. v. Beecher, 117 S.E.2d 685, 689 (Va. 1961). The Court concludes that EVMS meets this standard. See Higgins v. Medical College of Hampton Roads, 849 F.Supp. 1113,1119 n.1 (E.D. Va. 1994) (citing Va. Code Ann. § 23-14 (n.d.); 1987 Va. Acts Ch. 329, § 3). Accordingly, EVMS is immune from McCoy's negligence claim, and EVMS's Motion to Dismiss is **GRANTED** as to Count VII of the Complaint. Because McCoy's claim is barred by sovereign immunity, amendment to this claim would be futile. Accordingly, Count VII of the Complaint is **DISMISSED WITH PREJUDICE.**

8

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **DENIED** as to Counts I & II of the Complaint, and **GRANTED** as Counts III, IV, V, VI, & VII of the Complaint.

For the reasons stated, Count V is **DISMISSED WITH LEAVE TO AMEND** lasting fifteen (15) days.

Finding that amendment to the remaining counts of the Complaint would be futile, Counts III, IV, VI, & VII are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

ARENDA L. WRIGHT ALLEN
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 28, 2012